**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-6588**

———————

GARY BOONE, also known as Valerie Boone,

Plaintiff - Appellant,

v.

MICHAEL CARVAJAL; A. MENDOZA, Warden FCI Williamsburg individually and in official capacity; K. NOLTE, Health Service Administrator Williamsburg FCI individually and in official capacity; S. HOEY, Medical Provider Williamsburg FCI individually and in official capacity; C. DAVIS, Nurse Practitioner Williamsburg FCI individually and in official capacity; DR. FIGUEROA, Chief Psychologist Williamsburg FCI Individually and in official capacity; DR. LAXTON, Psychologist Williamsburg FCI individually and in official capacity,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:21-cv-03053-JD)

———————

Submitted:  April 10, 2025                                Decided:  April 14, 2025

———————

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary Dean Boone, Appellant Pro Se.  McKaye Lea Neumeister, Melissa N. Patterson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Dean Boone, also known as Valerie Boone, a transgender federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of Defendants on her civil rights action. Boone alleged that Defendants were deliberately indifferent to her serious medical needs when they failed to appropriately treat her for gender dysphoria by providing gender-affirming surgery.

We review de novo a district court's grant of summary judgment, "review[ing] the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in [her] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [her] favor." *United States v. 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th 240, 252 (4th Cir. 2022) (internal quotation marks and brackets omitted). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). In order to establish an Eighth Amendment deliberate indifference claim,

2

"the plaintiff is required to prove an objective component and a subjective component." *Id.* "The objective element requires an objectively serious medical condition." *Short v. Hartman*, 87 F.4th 593, 612 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 2631 (2024). "A condition is objectively serious if it is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). The subjective component "requires that the prison official acted with deliberate indifference to inmate health or safety, meaning that the official had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (internal quotation marks omitted).

Viewing the evidence in the light most favorable to Boone, we conclude that the district court did not err by granting summary judgment to Defendants. Defendants provided Boone with consistent gender-affirming mental and physical health care and transferred her from a men's facility to a women's facility to facilitate her transition and eligibility for gender-affirming surgery. Because Defendants were not deliberately indifferent to Boone's serious medical needs, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3